UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LUELLYING CAPEHART, III,<br><br>Defendant. | Crim. No. 14-344-4 (JRT/TNL)<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)** |

Amber M. Brennan, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

James Luellying Capehart, III, BOP Reg. No. 20573-041, FCI Oxford, P.O. Box 1000, Oxford, WI 53952, *pro se.*

James Luellying Capehart, III is currently serving a 124-month sentence for conspiracy to commit bank fraud and aggravated identity theft. Capehart asks the Court to reduce his sentence and grant him compassionate release or convert the remainder of his sentence to home confinement due to the ongoing COVID-19 pandemic. Because Capehart has not established extraordinary and compelling reasons warranting a sentence modification, the Court will deny Capehart's Motion for Compassionate Release.

## BACKGROUND

Capehart is currently incarcerated with the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). In August 2016, Capehart pleaded guilty to conspiracy to commit bank fraud and aggravated identity

-1-

theft. (Plea Agree., Aug. 18, 2016, Docket No. 1141). In February 2017, Capehart was sentenced to a 124-month term of imprisonment. (Sentencing J. at 2, Feb. 21, 2017, Docket No. 1323.)

Capehart is 37 years old. Capehart states that he suffers from asthma, obesity, narcolepsy, cataplexy, and chronic ankle pain, and carries the sickle cell trait. (Resp. Mem. Opp., July 2, 2020, Docket No. 1792; *see also* Mem. Opp., Ex. 1 at 1, June 24, 2020, Docket No. 1791-1.) Since he has been in BOP custody, Capehart has only sought treatment for ankle pain. (Mem. Opp. at 6–7, 11–12, June 24, 2020, Docket No. 1791.)

On April 20, 2020, Capehart filed this Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is an over-weight Black male with underlying health issues that put him at higher risk if he contracts COVID-19. (Mot. Compassionate Rel., Apr. 20, 2020, Docket No. 1781.) Capehart submitted a request for compassionate release to the BOP on May 7, 2020. (Mem. Opp., Ex. 1.) The BOP denied the request on May 13, 2020. (Mem. Opp., Ex. 2, June 24, 2020, Docket No. 1791-2.) The United States opposed Capehart's Motion on June 24, 2020. (Mem. Opp.)

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). It allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release. *Id.* (codified at 18 U.S.C. § 3582(c)(1)(A)). However, a

defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once remedies are exhausted, the Court may reduce the defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*[1]

The Court recognizes that Capehart suffers from obesity and asthma. The Centers for Disease Control and Prevention ("CDC") identify obesity as a condition that increases the risk of severe illness from COVID-19 and moderate-to-severe asthma as a condition that might pose an increased risk.[2] The CDC recommends that patients suffering from obesity continue to take medications for underlying conditions, maintain social distancing precautions, follow their health plans, and remain in contact with healthcare providers if they develop symptoms.[3] Similar provisions are included in BOP's COVID-19 Action Plan

---

[1] Pursuant to 18 U.S.C. § 3582(c)(1)(A), Capehart should have fully exhausted his administrative remedies prior to filing a Motion for Compassionate Release with the Court. However, because Capehart's administrative remedies had been exhausted prior to the United States filing its opposition to his Motion, the United States did not oppose Capehart's Motion for Compassionate Release on procedural grounds. (Mem. Opp. at 8–10.) Accordingly, the Court will review Capehart's Motion on the merits.

[2] *People with Certain Medical Conditions*, Ctrs. For Disease Control and Prevention (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[3] *Id.*

to minimize the risk of transmission within its facilities. (Mem. Opp. at 2–6.) Though Capehart states that he has experienced chest pain while in custody (Resp. Mem. Opp. at 1), BOP medical records indicate that Capehart has not sought treatment for symptoms related to obesity, asthma, or other high-risk conditions during his time in custody.[4] (Mem. Opp. at 6–7, 11.)

Upon consideration, the Court finds that the health concerns Capehart raises are not among the conditions identified by the Sentencing Commission justifying compassionate release. *See* 18 U.S.C. § 3553(a)(5); U.S.S.G. § 1B1.13. Further, Capehart has not shown a reduction is warranted based on the relevant sentencing factors under 18 U.S.C. § 3553(a). As such, Capehart has not demonstrated that extraordinary and compelling reasons warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, the Court will deny Capehart's Motion for Compassionate Release.

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 1781] is **DENIED.**

---

[4] Though Capehart notes that he carries sickle cell trait, he does not claim to suffer from sickle cell disease or symptoms of sickle cell disease. *Sickle Cell Disease*, Ctrs. for Disease Control, https://www.cdc.gov/ncbddd/sicklecell/index.html (last visited Sept. 21, 2020). Accordingly, the Court will not assess risks associated with sickle cell disease. Similarly, because Capehart has not presented to the Court any information related to diagnoses of narcolepsy or cataplexy, the Court has insufficient information to address those conditions as they relate to Capehart's COVID-19 risk.

DATED:  October 16, 2020  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                          United States District Court